IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT JAMES PIPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-697 (MN) |
| | ) |
| WARDEN SCOTT CERESINI, et al., | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Robert James Piper, Sussex Correctional Institution, Georgetown, Delaware – Pro Se Plaintiff.

April 29, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Robert James Piper, a pretrial detainee confined at Sussex Correctional Institution in Georgetown, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (D.I. 3). Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## I. BACKGROUND

Plaintiff alleges that he was deprived access to the law library in part because he is indigent and did not have funds for materials. He further alleges that, as a result, he could not defend himself and faced the possibility of losing his case and being sentenced to a long period of incarceration. He also alleges that when he arrived at the prison he was put on a medication, but that prison staff took him off the medication in April 2023, without doctor approval or knowledge, resulting in seizures and headaches. He further alleges that on two occasions, medical and prison staff refused to send him to the hospital after he fell and hit his head, once being knocked unconscious for twenty minutes and once suffering from head swelling. Additionally, Plaintiff alleges that "on a daily and weekly basis we are denied religious observance and the right to practice or attend services." (D.I. 3 at 8). For relief he requests damages.

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must, however, grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no

more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

To state a First Amendment right of access to courts claim, a plaintiff must allege that he was actually injured by the alleged denial of access.  The actual injury requirement is a constitutional prerequisite to suit.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").  An actual injury is shown only where a nonfrivolous, arguable claim is lost.  *See Christopher*, 536 U.S. at 415.

Plaintiff has not alleged that a nonfrivolous, arguable claim was lost.  It appears that he is alleging that he was unable to research defenses for a criminal case.  It is unclear if he was representing himself or had counsel.  It also appears that the criminal case against him was pending when he filed his Complaint, which would render an actual injury an impossibility.  Accordingly, Plaintiff has failed to state a First Amendment access to courts claim.

As to Plaintiff's medical claims, he fails to link any of the named Defendants to his allegations.  A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required.  *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk*

3

*Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). "Allegations of participation and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). To the extent that Plaintiff's allegations could be found to state a claim for a deliberate-indifference, he has failed to allege any of the named Defendants' personal involvement.

Finally, the allegations supporting Plaintiff's possible First Amendment free exercise of religion claim are too lacking in specificity to state a claim. *See Johnson*, 574 U.S. at 12.

**IV.** **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.