IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT JAMES PIPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-697 (MN) |
| | ) |
| DR. ANNIE CASWELL, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Robert James Piper, Sussex Correctional Institution, Georgetown, Delaware – *Pro Se* Plaintiff

Dawn C. Doherty, Brett Thomas Norton, and Georgia Catherine Pham, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, Delaware – Counsel for Defendants Dr. Annie Caswell and Sheri McAfee-Garner

June 27, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On June 26, 2023, Plaintiff Robert James Piper, a pretrial detainee at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, initiated this action pro se with the filing of a Complaint alleging civil rights violations at SCI. (D.I. 3). The operative pleading is now the Amended Complaint. (D.I. 15). Presently before the Court is Defendants' motion to dismiss the Amended Complaint. (D.I. 23). The parties have fully briefed the motion. (*See* D.I. 24, 28, 29). Also pending is Plaintiff's motion to amend the Amended Complaint. (D.I. 31). The Court will grant Defendants' motion to dismiss, dismiss the Amended Complaint without prejudice, and grant Plaintiff leave to file a Second Amended Complaint, in accordance with this Memorandum Opinion and corresponding Order.

**I.      BACKGROUND**

Upon screening the Amended Complaint, the Court only permitted claims asserted against Defendants Dr. Annie Caswell and Sheri McAfee-Garner to proceed.[1] (*See* D.I. 18). Claims against all other Defendants were dismissed for the reasons previously explained in the April 29, 2024 Memorandum Opinion and Order. (*See id.* (citing D.I. 13, 14)). According to the Amended Complaint, Defendants Caswell and McAfee-Garner are medical providers at SCI who are alleged to have violated Plaintiff's Fourteenth Amendment rights, and to have committed medical malpractice or negligence, by "allowing nonmedical staff or providers to stop [Plaintiff's] medication and then by allowing the [Delaware Department of Corrections] staff and administration to . . . cover-up by not sending [Plaintiff] out for treatment." (D.I. 15 at 2-3). As a result, Plaintiff suffered from migraines, seizures, and drastic changes in blood pressure. (*Id.*). The seizures have caused injury and long-term effects to Plaintiff. (*Id.* at 4).

---

[1]      Defendants notified the Court that the Defendant identified as Dr. Gardener is actually Nurse Practitioner Sheri McAfee-Garner. (*See* D.I. 25.)

According to a supplement to the Amended Complaint, on May 14, 2024 an outside surgeon reviewed Plaintiff's medical records and determined that Plaintiff required back and spinal surgery. (D.I. 16 at 1). Leading up to the appointment, Plaintiff had submitted many complaints. (*Id.*). Plaintiff believes that surgery would not have been necessary if his complaints and medical needs were addressed sooner. (*Id.*). For example, Plaintiff's medical records state that he is supposed to be housed downstairs on a bottom bunk due to his seizures. (*Id.* at 2). Yet, on or about April 1, 2024, Plaintiff was moved upstairs over both his objection and proof of medical order or recommendation. (*Id.*). When Plaintiff filed grievances about the move, he "was told to exhaust issues with medical." (*Id.*). Then Plaintiff had a seizure and fell down the stairs, which caused injury to his back, neck, and spine. (*Id.*). Plaintiff was taken to the infirmary, where a medical provider not named as a Defendant "said the pain and cramps would go away and released [Plaintiff] with no proper meds." (*Id.* at 3). When Plaintiff was still in pain weeks later, he was prescribed Motrin and Tylenol. (*Id.*). The surgeon who evaluated Plaintiff and recommended back and spinal surgery mid-May commented that things could have been different, and Plaintiff possibly would not be in this situation, "if the proper care was administered." (*Id.*). A second supplement to the Amended Complaint clarifies that Plaintiff fell down the stairs as described above on or about March 28, 2024. (D.I. 17 at 3).

After the filing of the second supplement (*id.*)., the Court issued a Service Order (D.I. 18), which permitted claims asserted against Defendants Caswell and MacAfee-Garner to proceed, and then Defendants moved to dismiss (D.I. 23). In briefing, Defendants point out that the Amended Complaint initially states that prison officials stopped Plaintiff's medication without conferring with medical staff, which contradicts the later assertion that Defendants Caswell and MacAfee-Garner permitted Plaintiff's medication to be stopped. (D.I. 24 at 9). Defendants argue

that the Amended Complaint fails to state a claim against Defendants Caswell and MacAfee-Garner in light of this contradiction and the scant facts alleged involving these two Defendants specifically. (*Id.*). Defendants further posit that, based on the information provided, it seems likely that Plaintiff was treated for opioid withdrawal for several months upon entering SCI before medical staff stopped renewing his prescription, consistent with standard practices for treating opioid withdrawal. (*Id.* at 10). Additionally, Defendants argue that Plaintiff has failed to state a Delaware State law-based malpractice or negligence claim because the Amended Complaint did not include as attachments an expert witness's affidavit or *curriculum vitae*. (*Id.* at 14). Finally, Defendants posit that Defendant MacAfee-Garner may have been previously misidentified as Defendant Sherri Gorlwer, who has already been dismissed from this case. (*Id.* at 14-15).

Plaintiff filed a third supplement to the Amended Complaint after the parties briefed Defendants' motion to dismiss. (D.I. 30). According to the third supplement, Defendant MacAfee-Garner prescribed Plaintiff a medication on or about December 4, 2024, which had an adverse effect, sending Plaintiff into a diabetic coma and requiring hospitalization. (*Id.* at 1-2). Plaintiff later learned that proper administration of this medication requires titration, but this was not done in Plaintiff's case. (*Id.* at 2).

Thereafter, Plaintiff filed a motion to amend, which included a fourth supplement to the Amended Complaint. (D.I. 31). The fourth supplement includes no allegations against Defendants Caswell and MacAfee-Garner specifically. (*See id.*). According to the fourth supplement, Plaintiff submitted three sick calls in March 2025 regarding a cough producing blood, for which he was provided cold tablets. (*Id.* at 1). During a medical appointment for diabetes, Plaintiff inquired as to laboratory testing for the cold because he was concerned that it was related to his methicillin-resistant Staphylococcus aureus (MRSA) infection or exposure within SCI to black

3

mold, lead, and asbestos. (*Id.*). A nurse and a doctor, neither of whom have been named as Defendants, refused Plaintiff's requests for further testing. (*Id.* at 2). Plaintiff believes this amounts to deliberate indifference by the medical providers. (*Id.*).

Neither the Amended Complaint, nor the four subsequently filed supplements, specify the relief Plaintiff now seeks based on the foregoing.

## II.   LEGAL STANDARDS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

4

### III. DISCUSSION

Upon review of the Amended Complaint, and the four supplements to the Amended Complaint, the Court finds that Plaintiff has failed to state a claim against Defendants Caswell and MacAfee-Garner. On this basis, Defendants' motion to dismiss (D.I. 23) will be granted and the Amended Complaint (D.I. 15) will be dismissed without prejudice. Plaintiff's motion to amend (D.I. 31) will be granted, insofar as Plaintiff will be given one more opportunity for amendment to cure deficiencies in the Amended Complaint.

It is unclear from the Amended Complaint whether Defendants Caswell and MacAfee-Garner are alleged to have personally stopped Plaintiff's medication and prevented him from receiving needed medical treatment, or whether Plaintiff merely faults these Defendants for not intervening when others deprived Plaintiff of needed medication and treatment. The latter would not necessarily establish liability in a § 1983 suit. A "defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). "[L]iability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The four supplemental filing submitted after the Amended Complaint do not clarify the roles of Defendants Caswell and MacAfee-Garner in the denial of medication and treatment, which led to Plaintiff's seizure in the Spring of 2024. Instead, the supplements discuss events involving other medical staff members, who have not been named as Defendants, and one separate event in the Winter of 2024 involving Defendant MacAfee-Garner.

Plaintiff will be given one opportunity to file a Second Amended Complaint to cure the deficiencies discussed above. The Second Amended Complaint must: (1) state in full Plaintiff's

5

claims regarding the denial of medication, medical treatment, and required accommodation, which led to Plaintiff's aforementioned seizure, injury, and need for surgery; (2) name all Defendants involved, and it must explain their specific and personal involvement; and (3) state when and where the events occurred, what specific injuries Plaintiff sustained, and what specific relief Plaintiff now seeks. Plaintiff may restate information previously provided, but he must elaborate upon his claims as explained above. Plaintiff may restate his claim involving Defendant McAfee-Garner's alleged improper administration of medication resulting in coma.

Plaintiff will not be granted further leave to amend or supplement his pleading. Once filed, the Second Amended Complaint will be the singular, operative pleading in this case, and it will replace all prior pleadings and supplements. Filing a Second Amended Complaint that fails to comply with this Memorandum Opinion and the corresponding Order will result in dismissal with prejudice. Failure to file any Second Amended Complaint will result in case closure.

## IV.    CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss for failure to state a claim. (D.I. 23). The Amended Complaint will be dismissed without prejudice. (D.I. 15). The Court will grant Plaintiff's motion to amend, insofar as Plaintiff will be given one opportunity to file a Second Amended Complaint in accordance with this Memorandum Opinion. (D.I. 31).

An appropriate Order will be entered.